```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JAMES EARL LINDSEY,**

              **Plaintiff,**

        **v.**                           **CASE NO. 07-3067-SAC**

**WARDEN FRED LAWRENCE, et al.,**

              **Defendants.**

<u>**O R D E R**</u>

This civil complaint was filed by an inmate of the Federal Correctional Institution, Talladega, Alabama, upon forms for filing a civil rights complaint pursuant to 42 U.S.C. 1983. Plaintiff has also filed an Application for Leave to Proceed Without Prepayment of Fees (Doc. 2). Having examined the materials filed by plaintiff, the court finds as follows.

The instant complaint was submitted for filing in the same packet with a separate complaint by plaintiff, <u>Lindsey v. Lawrence, et al.</u>, Case No. 06-3321-SAC, together with only one motion for leave to proceed without prepayment of fees. The latter case was dismissed as barred by the statute of limitations in an Order dated March 14, 2007. The packet contained several copies of the two complaints, which were very similar, and the intake clerk filed only one action believing the others were copies of the <u>Lindsey v. Lawrence</u> complaint. Plaintiff inquired as to the status of his second complaint, and the mistake was discovered. The court directed the clerk to note on the docket that the complaint in this action was received for filing on November 20, 2006. The court notes that plaintiff executed the instant complaint on October 26,

2006.

The claims in the two complaints filed by Mr. Lindsey involve different alleged incidents by different defendants[1], and are not connected so as to be properly raised together in one complaint. Plaintiff obviously realized this and submitted two different complaints; however, he did not state he was submitting two different actions and did not satisfy the filing fee for two actions. Plaintiff must satisfy the filing fee in each civil action filed by him either by submitting the $350 filing fee or by filing a Motion for Leave to Proceed Without Prepayment of Fees. Plaintiff's motion to proceed without fees was duplicated by the clerk and filed in this action as document 2.

Under the Prison Litigation Reform Act signed into law on April 26, 1996, a prisoner is required to pay the full filing fee in any civil action filed by him. Where insufficient funds exist for paying the full filing fee, the court is directed by statute to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 1915(b)(4).

Having considered the plaintiff's financial records, the court

---

[1] In Case No. 07-3321, plaintiff alleged he was assaulted by inmates and injured on April 4, 2004, as a result of defendant warden's and correctional officer's failure to protect, and medical treatment for those injuries were delayed by defendant Dr. Bowlin.
In the instant complaint, he alleges he contracted "Methicillin-resistant Staphylococcus Aureus" (MRSA) and Hepatitis C due to conditions while confined at the CCA Leavenworth Detention Center, was seen there by defendant Dr. Bowlin on November 29, 2004, and that Dr. Bowlin did not reveal the diagnosis to him and failed to treat him.

finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and plaintiff may be granted leave to proceed in forma pauperis. However, plaintiff is forewarned that he will remain obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2)[2].

Plaintiff was granted leave to proceed without prepayment of fees in his prior action, Case No. 07-3321. In accord with the cited statutory provisions, he remains obligated to pay the full filing fee in that action, even though it was dismissed as time-barred.

The court has fully explained the consequences of plaintiff being granted leave to proceed without prepayment of fees in this action because plaintiff, in his Motion to Clarify (Doc. 5) in Case No. 06-3321, stated he included his two complaints in one packet "to avoid a second filing fee." He requested that "if a second filing fee is warranted" the court "delay the filing process until a decision" was "final" on the court's show cause order in the earlier case[3]. Since Case No. 06-3321 had already been filed, the court assumed plaintiff was asking that the filing of this action be delayed.

---

[2] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full district court filing fee which is currently $350.00 in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

[3] Plaintiff has not filed a Motion to Stay this action and no grounds for staying these proceedings have been alleged.

For the foregoing reasons, the court requires and grants plaintiff time to state whether or not he desires to go forward on this complaint and proceed in forma pauperis herein, after having been informed that he remains responsible for the full filing fee in Case No. 06-3321, and that a second filing fee will be imposed if an order is entered granting him leave to proceed without prepayment of fees in this action. If plaintiff does not respond in the time allotted by the court, this action may be dismissed, without prejudice, and without further notice. If plaintiff informs the court that he no longer wishes to go forth with this action or withdraws his motion for leave to proceed without prepayment of fees before it is granted, this action may be dismissed without prejudice for failure to satisfy the filing fee.

However, plaintiff is also warned that in the event this action is dismissed, without prejudice, the time this action has been pending will not toll the two-year statute of limitations on the claims raised herein.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to inform the court whether or not he now intends to go forward in this action and whether or not he still wishes to be granted leave to proceed without prepayment of fees herein.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2007, at Topeka, Kansas.

4

s/Sam A. Crow
U. S. Senior District Judge