IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EARL
LINDSEY,

                              Plaintiff,

           v.                              CASE NO.  07-3067-SAC

SCOTT BOWLIN,

                              Defendant.

O R D E R

This civil complaint, 42 U.S.C. 1983, is before the court upon plaintiff's response to the court's Order entered on March 27, 2007.  In its prior Order, the court required plaintiff to state whether or not he intends to proceed with this action and whether or not he seeks leave to proceed without prepayment of fees herein. The court also informed Mr. Lindsey of the following facts.  Due to his limited resources, no initial partial filing fee may be imposed in this case, and he may be granted leave to proceed in forma pauperis.  However, he will remain obligated to pay the full $350.00 district court filing fee herein, through payments from his inmate trust fund account[1].  He also remains obligated to pay the

---

[1] Being granted leave to proceed in forma pauperis entitles plaintiff to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  By copy of this Order, the Finance Office of the facility where plaintiff is confined is directed to collect twenty percent (20%) of the prior month's income each time the amount in Mr. Lindsey's account exceeds ten dollars ($10.00) until the filing fee is paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.  Any funds advanced to the court by plaintiff or on his behalf must first be

full filing fee in his prior case, <u>Lindsey v. Lawrence</u>, Case No. 06-3321 (Mar. 14, 2007).  The prior case was dismissed as barred by the statute of limitations[2].   The court fully explained these matters due to plaintiff's statement in Case No. 06-3321, that he hoped "to avoid a second filing fee," and his request that "if a second filing fee is warranted" the court "delay the filing process until a decision" was reached as to the timeliness of the earlier case.

Plaintiff's response to the court's order of March 27, 2007, is somewhat ambiguous.  He initially states he wishes to proceed in this action and to be granted leave to proceed without prepayment of fees.  However, he then expresses concern regarding whether or not this court has jurisdiction, and states he does not want to proceed with this second complaint "only to have it dismissed for lack of jurisdiction and (him required) to pay an unnecessary second filing fee."  He is also rightly concerned that the statute of limitations on his claims may not be tolled during the pendency of this action if it is dismissed without prejudice. At the close of his Response, Mr. Lindsey qualifies his initial statement that he wishes to proceed and be granted leave, with the

---

applied to plaintiff's outstanding fee obligations in <u>Lindsey v. Lawrence</u>, Case No. 06-3321 (D.Kan. Mar. 14, 2007).

[2]

Case No. 06-3321 involved different alleged incidents by different defendants, and the two complaints are not connected so as to be properly litigated in one action.  In 06-3321, plaintiff alleged he was assaulted by inmates and injured on April 4, 2004, as a result of defendant warden's and correctional officer's failure to protect; and that medical treatment for his injuries was delayed by defendant Dr. Bowlin.

phrase: "providing that this court retain jurisdiction." Plaintiff remarks that he is not represented by counsel and is unskilled at law.

The court concludes from Mr. Lindsey's Response that he wishes to proceed in this action without prepayment of fees, and that his motion for leave should be granted. This court cannot simply agree to "retain" jurisdiction it does not have. Nor may plaintiff condition his obligation to pay the filing fee in this case, already submitted for filing by him to this court, upon this court's agreeing to retain jurisdiction. If facts or legal authorities establish that this court lacks jurisdiction or that plaintiff has failed to state a federal cause of action, then this court will have no option but to dismiss the case.

**CLAIMS**

In this action, plaintiff alleges he contracted "Methicillin resistant Staphylococcus Aureus" (MRSA) and Hepatitis C due to conditions while confined at the CCA Leavenworth Detention Center (CCA), was seen there by defendant Dr. Bowlin on November 29, 2004, and that Dr. Bowlin lied to him about his condition, did not reveal the actual diagnosis, and failed to treat him for MRSA from December 15, 2004, to February 16, 2005, at which time he left the CCA. He sues Dr. Bowlin in his official and individual capacities. He asserts defendant Bowlin violated the Eighth Amendment and due process under the Fifth and Fourteenth Amendments. He seeks money damages and costs of the suit.

**SCREENING**

Because Mr. Lindsey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. 1915A(a) and (b).   Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons[3].

**DUE PROCESS CLAIM**

Plaintiff's claim of denial of due process is completely conclusory, and is subject to being dismissed for that reason.  It is also subject to being dismissed for the same reasons as his Eighth Amendment claim, which follow.

**EIGHTH AMENDMENT CLAIM**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v.

---

[3]   In his complaint, Mr. Lindsey requests that the court advise him as to any deficiencies in his complaint and how to correct them.  Beyond the court's statements in this screening order, it may not provide legal advice to a party in a case, even one proceeding without counsel.

<u>Brooks</u>, 436 U.S. 149, 155 (1978). Plaintiff appears to satisfy the first requirement by alleging a violation of his rights under the Eighth Amendment as set forth in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). In <u>Estelle</u>, the United States Supreme Court held that "deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or a prison guard, is prohibited by the Eighth Amendment." <u>West</u>, 487 U.S. at 48, *citing* <u>Estelle</u>, 429 U.S. at 104-105; <u>see also</u> <u>Simmat v. U.S. Bureau of Prisons</u>, 413 F.3d 1225, 1231 (10th Cir. 2005)(The Eighth Amendment prohibits the government from incarcerating prisoners without providing adequate medical care.).

The issue presented on screening is whether plaintiff has established the second essential element--that defendant "acted under color of state law" in treating Mr. Lindsey's medical condition. The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." <u>West</u>, 487 U.S. at 42; <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>Id</u>. at 49. This means that the conduct must be fairly attributable to the State so that the person may be said to be a state actor. <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982); <u>Yanaki v. Iomed, Inc.</u>, 415 F.3d 1204, 1208 (10th Cir. 2005), <u>cert</u>. <u>denied</u>, 126 S.Ct. 1910 (May 1, 2006).

Plaintiff names as the sole defendant Scott Bowlin,

5

"Correctional Corporation of America's Physician."  Plaintiff's allegations that Dr. Bowlin was the physician at the CCA who treated him while he was confined at the CCA do not suggest that defendant Bowlin was a state actor.  Nothing in the complaint suggests that Dr. Bowlin acted with the authority of the State or as a state officer.  See Blum v. Yaretsky, 457 U.S. 991, 1004-05, (1982)(decisions of physicians of privately owned and operated nursing home to transfer Medicaid patients not state action); cf. West v. Atkins, 487 U.S. 42, 55-56 (1988)(A private physician who contracted with a state prison to treat inmates to satisfy the state's constitutional obligation to provide medical care, was held to be a state actor based upon his functions within the state system.).  It follows that Mr. Lindsey fails to state a claim under 42 U.S.C. 1983.

If defendant Bowlin were a federal official or an employee of a federal prison, this court might liberally construe the complaint as a Bivens action.  Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. §1983."  Id.; Carlson v. Green, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations).  However, the proper defendant in a Bivens action is a federal agent, not an employee of a private corporation.

Plaintiff also alleges that he filed a Federal Tort Claim with the federal Bureau of Prisons, which was forwarded to the CCA, but he received no response.  The cause of action under the Federal Tort Claims Act is against the United States for injury caused by the negligent or wrongful act or omission of any employee of a federal agency acting in his official capacity.  28 U.S.C. §2672; see also Carlson, 446 U.S. at 19-20 (Victims of intentional wrongdoing have an action under the FTCA against the United States as well as a Bivens action against the individual federal officials alleged to have infringed their constitutional rights.).  The court does not construe this action as one under the FTCA because the United States is not named as defendant, and the alleged wrong-doing was not by a federal official.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to state a claim under 42 U.S.C. 1983, Bivens, or the FTCA[4].

**NUNC PRO TUNC ORDER**

Plaintiff is correct that in this court's prior Order there are clerical errors in the caption and in references to the case number of his earlier civil action.  The court hereby corrects its Order of March 27, 2007, to change the defendant named in the

---

[4]
At the same time, plaintiff should consider whether or not his claims against a private tortfeasor should be immediately filed in state court. Cf. Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001). Plaintiff is again forewarned to pay careful attention to the statute of limitations. The statute of limitations in this action is that of the State of Kansas.

caption from "Warden Fred Lawrence" to "Scott Bowlin."  The court also corrects the references to <u>Lindsey v. Lawrence</u> as "Case No. 07-3321," to "Case No. 06-3321" on pages 2 and 3 of its Order. Plaintiff's duplicated "Application to Proceed Without Prepayment of Fees" (Doc. 2) is also corrected to show "Scott Bowlin, et al.," as the defendant in the caption.

**IT IS THEREFORE ORDERED** that plaintiff is granted leave to proceed in forma pauperis (Doc. 2).

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days in which to show cause why this action should not be dismissed for failure to state a claim as discussed herein.

**IT IS FURTHER ORDERED** that the prior order of this court dated March 27, 2007 (Doc. 3) is hereby corrected as provided in the foregoing nunc pro tunc order.

The clerk is directed to transmit a copy of this order to the financial officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge