```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


JAMES EARL
LINDSEY,
                          Plaintiff,

                 v.                      CASE NO.  07-3067-SAC

SCOTT BOWLIN,

                          Defendant.
```

**O R D E R**

This civil complaint, asserting a cause of action under 42 U.S.C. § 1983, the FTCA, and/or 28 U.S.C. § 1331, is before the court upon plaintiff's response to the court's screening order entered on May 15, 2007. Plaintiff's Motion to Supplement his Response (Doc. 7) is granted. In its Order dated May 15, 2007, this court required plaintiff to show cause why this action should not be dismissed for failure to state a cause of action under the 42 U.S.C. § 1983, the FTCA, or Bivens (§ 1331). Having considered plaintiff's response as supplemented, the court finds that the matter cannot be determined without a responsive pleading.

According to plaintiff's allegations, defendant is a doctor employed by a private corporation that contracts with the federal Bureau of Prisons (BOP) to house federal prisoners and concomitantly provide BOP inmates with necessary medical care. The United States Supreme Court has held that its precedent, namely FDIC v. Meyer, 510 U.S. 471 (1994), "forecloses the extension of Bivens to private entities," including those "acting under color of

federal law." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 FN 2 (2001).  It might seem to logically follow that an employee of a private entity could not be held liable under <u>Bivens</u>.  However, four justices in dissent in <u>Malesko</u> opined that <u>Bivens</u> would apply to individual employees of a private corporation, and noted the majority relied "at least in part, on the availability of a remedy against employees of private prisons[1]."  Moreover, at least one judge in this district has held that employees of a private company under contract to house federal pretrial detainees were "federal actors" for purposes of potential <u>Bivens</u> liability for constitutional torts.  <u>Purkey v. CCA Detention Center</u>, 339 F.Supp.2d 1145, 1149-50 (D.Kan. 2004).  However, the Tenth Circuit Court of Appeals declined to follow <u>Purkey</u> in <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1096 (10th Cir. 2005)(There is no implied private right of action for damages under <u>Bivens</u> against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff.).  Then, the 2005 Tenth Circuit opinion in <u>Peoples</u>, was vacated in part on rehearing en banc at 449 F.3d 1097, 1098-99, <u>cert</u>. <u>denied</u>, 127 S.Ct. 664, 687 (Nov. 27, 2006); <u>see</u> <u>also</u> <u>Peoples v. Corrections Corp. of America</u>,

---

[1] The dissent in <u>Malesko</u> referred to private corporations as "subagents of the Federal Government," and found it puzzling that <u>Bivens</u> liability would attach to the private individual employees of such corporations . . . , but not to the corporate agents themselves." <u>Malesko</u>, 534 U.S. 79 FN 6. <u>Cf</u>. <u>Holly v. Scott</u>, 434 F.3d 287 (4th Cir. 2006), <u>cert</u>. <u>denied</u>, 126 S.Ct. 2333 (2006)(employees of a private corporation under contract with the federal government were not "federal officials, federal employees, or even independent contractors in the service of federal government." <u>Id</u>. at 292.

2004 WL 2278667, *3 (March 26, 2004)(Peoples II)(Under Malesko, when a plaintiff has an alternative remedy to a Bivens action, the Supreme Court would be unlikely to allow a Bivens claim against an individual employee of a federal contractor.), aff'd, Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), *vacated in part on rehearing en banc,* 449 F.3d at 1099 (affirming Peoples II). The only thing that is plain is that the law is unsettled.  At this juncture, the court cannot say that plaintiff can prove no set of facts in support of a cause of action in federal court.

In response to the court's order explaining there is little or no settled legal authority providing a cause of action in federal court for plaintiff's claim against defendant Dr. Bowlin, plaintiff simply disagrees, and alternatively moves the court to transfer this case to a court or venue "capable of exercising jurisdiction over his cause of action." Plaintiff has repeatedly been informed that this court may eventually determine his only remedy is in state court.  While a federal district court may transfer an action to another federal court on account of improper venue or for other specific reasons, and actions filed in state court may be removed to federal court under specific circumstances, this court has no authority to transfer a case filed in federal court to a state court. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3rd Cir. 1983).  If plaintiff decides to proceed in state court, he must file an action in the appropriate state court. He cannot rely on this court at this juncture to advise him that he must proceed in state court or to transfer his action, even though

it appears most likely that he should pursue state court remedies.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion to Supplement (Doc. 7) is granted, and plaintiff's Motion to Transfer Case (Doc. 7) is denied.

**IT IS FURTHER ORDERED THAT** the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan.R. 40.1.

Copies of this Order shall be transmitted to plaintiff, to defendant, to the United States Attorney for the District of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge