DJW:mmh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES EARL LINDSEY,

      Plaintiff,

      v.                                          Case No. 07-3067-KHV-DJW

SCOTT BOWLIN, M.D.,

      Defendant.

### ORDER AND NOTICE OF SETTLEMENT CONFERENCE

Pursuant to Fed. R. Civ. P. 16(a)(5) and D. Kan. Rule 16.3, please take notice that a **telephone settlement conference** will be conducted in this case by the undersigned U.S. Magistrate Judge, on **March 17, 2008 at 9:30 a.m.** with plaintiff and defendant.  Because the Court will initiate the call, the parties shall provide telephone contact information for the settlement conference either by United States Mail (Judge David J. Waxse, 500 State Avenue, Kansas City, Kansas 66101), or by electronic mail (**ksd_waxse_chambers@ksd.uscourts.gov.**) **no later than March 10, 2008.**

The basic purpose of the settlement conference--and the basic purpose of all of the specific requirements set forth below--is to promote informal, candid, and ultimately productive discussions among the parties and their representatives, lead trial counsel, and the undersigned Magistrate Judge. Every aspect of the litigation bearing on its settlement value will be considered, in order that the Magistrate Judge may privately express his views concerning the actual dollar settlement value or other reasonable disposition of the case, bearing in mind that the Magistrate Judge will <u>not</u> try the case if the parties should be unable to reach a settlement.

As with trial, it is essential that everyone involved be fully prepared for the settlement conference. Toward that end, by **March 10, 2008**, plaintiff and defendant's lead trial counsel of record shall submit a written settlement conference statement to the undersigned Magistrate Judge (and <u>not</u> to the assigned trial judge) by way of an e-mail WordPerfect attachment to the following e-mail address: **ksd_waxse_chambers@ksd.uscourts.gov**. The settlement conference statements shall concisely provide, in summary form, the following information: (1) the general nature and facts of the case; (2) the key factual issues; (3) the key legal issues; (4) a detailed itemization and explanation of the damages or other relief requested; (5) the most pertinent or compelling evidence that is anticipated to be offered at trial by each side; (6) an evaluation of the strengths and weaknesses on each of the key factual and legal issues; (7) the projected out-of-pocket expense for each party to prepare and try the case and, if successful at trial, to defend any appeal brought by an adverse party; (8) the estimated amount of delay associated with proceeding to trial and dealing with any appeals; (9) a recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; and (10) perhaps most importantly, a detailed explanation of why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied. The parties' written settlement statement shall not exceed five pages, and shall not be filed. The statement shall be served on opposing counsel unless reasons are provided to the Magistrate Judge why it should not be provided to opposing counsel.

The pre-conference written statement will only be useful to the Magistrate Judge (and conducive to the mediation process) if it is realistic and objective about the weaknesses and strengths in each party's case. Neither the settlement conference statements nor communications during the settlement conference can be used by any party during the trial of the case. <u>See</u> Fed. R. Evid. 408.

The above-described settlement statement shall contain a certificate of service that copies have been provided to the client and any aligned non-party who has a direct financial stake in the outcome of the case, e.g., the defendant's liability insurance carrier(s), if applicable. Further, the statement shall provide the name, address, telephone number, and employer and job title (if applicable), of the representatives who will participate in the conference.

If there are non-parties who have an interest in the outcome of this case, including but not limited to, primary and any excess liability insurance carriers, subrogees, or lienholders, the Court hereby orders that the parties' lead trial counsel of record immediately provide written notice to all such non-parties of the time, date, and place of the settlement conference, and inform them that their participation by telephone is required by the Court at the conference. Counsel of record also shall furnish each such interested non-party a copy of this Order. Counsel of record shall promptly inform the Court in the event that such a non-party indicates an intent not to appear in person as required by this Order, and appropriate action will be taken.

In addition to lead trial counsel participating at the settlement conference, a person with actual settlement authority for each party and non-party having an interest in the outcome of this case must participate. The person with actual settlement authority shall be adequately familiarized with the case so as to enable him or her to negotiate about the case in good faith.

Only a person with <u>complete and actual</u> settlement authority meets the requirement of this Order. Trial counsel rarely satisfies the requirement of a person with actual settlement authority. The purpose of this requirement is to have a representative present for each party who can settle the case during the course of the conference without consulting a superior.

Only the Magistrate Judge may excuse the presence of the person with actual settlement authority from participating in the settlement conference. Any request for permission <u>not</u> to participate by telephone, shall be requested in writing no later than 11 days before the settlement conference begins. Such requests, however, are highly disfavored and seldom will be granted.

Prior to the settlement conference, the Court encourages and expects that lead trial counsel will have discussed settlement in detail with their respective clients. Further, prior to the conference, the parties shall have conducted serious settlement discussions, either directly or through counsel.

The Magistrate Judge will begin the conference by talking with all the attendees. After initial comments from the Magistrate Judge, counsel shall then be prepared to give a brief 5-10 minute concise summary of their case describing both the strengths and weaknesses. The summary shall be as objective as possible. Counsel shall not make statements which are likely to polarize the parties. After this initial session the Magistrate Judge will talk privately with the parties and their representatives.

The Court tentatively has allotted one-half day for the settlement conference in this particular case. The conference, however, will continue on the date noticed until the Court determines that there is nothing further to be gained by continuing.

The requirements of this Order have been imposed to make certain, to the extent possible, that possible avenues of settlement are reasonably explored <u>before</u> the settlement conference begins. The Court intends to minimize the risk that the valuable time, money, and resources of anyone involved in the mediation process is wasted.

Any material noncompliance with the requirements of this Order may result in the imposition of sanctions against the responsible party, attorney, or other representative. Such sanctions may

include, but are not limited to, an award of attorneys' fees, travel expenses, or both. If counsel or the parties have any questions about this Order, they may contact the courtroom deputy, Lori Lopez, 913 551-5405.

Copies of this Order shall be mailed to all counsel of record and any unrepresented parties, who do not receive e-mail notification.

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 19th day of February 2008.

                                              s/ David J. Waxse
                                              DAVID J. WAXSE
                                              UNITED STATES MAGISTRATE JUDGE

cc:    All counsel and *pro se* parties