# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES EARL LINDSEY,

    *Plaintiff,*

vs.

SCOTT BOWLIN,

    *Defendant.*

Case No. 07-3067-EFM

## MEMORANDUM AND ORDER

Presently before the court is defendant Dr. Scott Bowlin's motion for summary judgment (Doc. 97). For the following reasons, the Court grants the motion.

### I. Background

This is a medical malpractice case. From March 2003 to February 16, 2005, Plaintiff James Earl Lindsey was an inmate at the Leavenworth Detention Center. During that time, Dr. Bowlin worked part-time as an independent contractor to provide medical services to Leavenworth inmates. From November 29, 2004, to December 13, 2004, Dr. Bowlin treated Lindsey because of a sore on his right scrotum, which Dr. Bowlin diagnosed as an ingrown hair follicle. A few weeks prior to being treated for his lesion, Lindsey submitted to routine blood work. Dr Bowlin reviewed that blood work in December 2004, and ordered tests for Hepatitis C due to elevated liver enzymes. On January 7, 2005, Dr. Bowlin informed Lindsey that he was infected with Hepatitis C, and enrolled

Lindsey in a chronic care clinic to ensure continual monitoring of the disease. In March 2005, after leaving Leavenworth to reside at a different federal prison, Bowlin developed a new lesion on his right knee that tested positive for methicillin-resistant staphylococcus auerues (MRSA), a staphylococcus infection resistant to certain types of antibodies.

On March 13, 2007, Lindsey filed suit against Dr. Bowlin, and later amended his complaint to include other defendants. This Court dismissed several defendants and claims. Dr. Bowlin is the sole remaining defendant.

## I. Standards

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[1] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[2] A fact is "material" when "it is essential to the proper disposition of the claim."[3] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[4]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[5] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an

---

[1]Fed. R. Civ. P. 56(c).

[2]*Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[3]*Id.*

[4]*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[5]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

essential element of the nonmoving party's claim.[6]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[7] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[8] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[9] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[10] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[11]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[12]

## II. Analysis

Dr. Bowlin argues he is entitled to summary judgment because Lindsey failed to identify an expert witness who will testify that any action or inaction of Dr. Bowlin caused him injury, or that Dr. Bowlin deviated from the standard of care. Dr. Bowlin also argues that statute of limitations has

---

[6] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[7] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[8] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[9] *Adler*, 144 F.3d at 671.

[10] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[11] *Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[12] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

run on Lindsey's claim. Lindsey does not dispute the lack of expert testimony. Rather, he counters that no expert witness is necessary, that Dr. Bowlin was ordinarily negligent, and that there is conflicting factual evidence regarding the commencement of the statute of limitations.

**A. Expert testimony**

A claim of medical malpractice requires proof of four elements: (1) existence of a duty; (2) breach of that duty; (3) injury; and (4) a causal connection between the duty breached and the injury suffered.[13] As a general rule, Kansas law requires expert testimony in medical malpractice cases to establish what the standard of care should be, and that the failure to conform to that standard caused or contributed to alleged injuries.[14] A narrow and rarely applied exception to the requirement exists, however, "where the lack of reasonable care or the existence of proximate cause is apparent to the average layman from common knowledge or experience."[15] Courts applying Kansas law have generally only applied the exception in cases with obvious breaches of reasonable care that an average person could immediately identify; for example, a sponge left in a person's body that causes infection.[16] On the other hand, Kansas courts have generally declined to apply the exception, even

---

[13] *Watkins v. McAllister*, 30 Kan. Ct. App. 2d 1255, 1258, 59 P.3d 1021, 1023 (2002).

[14] *Treaster v. Healthsouth Corp.*, 442 F. Supp. 2d. 1171, 1180-81 (D. Kan. 2006); Dawson v. Prager, 276 Kan. 373, 375, 76 P.3d 1036 (2003); Nold v. Bunyon, 272 Kan. 87, 104-05, 31 P.3d 274 (2001); Pope v. Ransdell, 251 Kan. 112, 120, 833 P.2d 965 (1992); Watkins v. McAllister, 30 Kan. App. 2d 1255, 1258, 59 P.3d 1021 (2002).

[15] *Bacon v. Mercy Hosp. Of Ft. Scott*, 243 Kan. 303, 307, 756 P.2d 416 (1988); *see also Munoz v. Clark*, ___ Kan. App. 2d ___, 199 P.3d 1283, 1289 (2009); *Mellies v. National Heritage, Inc.*, 6 Kan. App. 2d 910, 913, 636 P.2d 215 (1981).

[16] *Rule v. Cheeseman*, 181 Kan. 957, 963, 317 P.2d 472, 477 (1957) (holding exception applies when sponge was left in patient after surgery); *see also Juhnke v. Evangelical Lutheran Good Samaritan Soc.*, 6 Kan. Ct. App. 2d 744, 634 P.2d 1132 (1981) (applying exception when nursing home patient attacked another where the nursing home was aware of the patient's propensity of attacking other patients); *Hiatt v. Groce*, 215 Kan. 14, 523 P.2d 320 (1974) (applying exception after failure to notify the physician that delivery of the patient's child was imminent, resulting in an unattended childbirth and subsequent injuries); *Karrigan v. Nazareth Convent & Acad., Inc.*, 212 Kan. 44, 510 P.2d 190 (1973) (applying exception where a hospital's nurse made only one attempt to contact a patient's doctor in response to his severe pain).

in close cases, when the care at issue could reasonably have required any level of medical knowledge or discretion.[17] Whether the common knowledge exception applies is a question of law.[18]

Here, Lindsey's claims involve allegations of Dr. Bowlin's alleged medical negligence in failing to prevent Lindsey's contraction of MRSA and Hepatitis C. Yet, Lindsey has failed to offer expert testimony to prove either that Dr. Bowlin was negligent in the diagnosis and treatment of his scrotal lesion or his Hepatitis C. Additionally, Lindsey has failed to offer an expert witness who will establish a causal connection. Instead, Lindsey claims he meets the "common knowledge" exception. Ironically enough, to prove that an average layman would know that Dr. Bowlin failed to follow the standard of care, Lindsey relies solely on his interpretation of medical texts referencing the proper treatment of Hepatitis C. Indeed, Lindsey's own reliance on medical texts demonstrates that an expert is needed in this case to explain the complexities of the disease, and that the narrow exception does not apply. The court has reviewed Kansas case law concerning the common knowledge exception and finds as a matter of law that these facts and circumstances present sufficiently complex issues concerning the standard of care and causation that the common knowledge exception does not apply here. As such summary judgment is proper.

**B. Statute of Limitations**

Even if Lindsey's claims fit within the common knowledge exception to the expert rule, summary judgment would still be proper as to the Hepatitis C claims because it is time barred.

---

[17] *See, e.g., Cunningham v. Riverside Health Sys., Inc.*, 33 Kan. Ct. App.2d, 1, 99 P.3d 133 (2004) (finding exception did not apply where a nursing facility assistant negligently fractured the leg of a patient suffering from osteoporosis); *Webb v. Lungstrum*, 223 Kan. 487, 575 P.2d 22 (1978) (finding exception did not apply where a surgeon failed to x-ray a wound to discover an imbedded metal fragment but completed surgery leaving the fragment inside).

[18] *Perkins v. Susan B. Allen Mem. Hosp.*, 26 Kan. App. 2d 885, 888, 146 P.3d 1102, 1105 (2006) (finding the common knowledge exception did not apply because none of the alleged negligence rose to the level of being patently bad when an x-ray table was moved up and a patient fell and fractured her hip).

Kansas law imposes a two year statue of limitations for medical malpractice actions.[19] A cause of action arising out of the professional services by a health care provider is deemed to have accrued "at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act."[20] Thus, the statute is triggered either when the plaintiff suffers injury or when the injury becomes reasonably ascertainable.[21] The fact of injury is reasonably ascertainable when plaintiff knew or should have known he had an injury caused by the defendant's acts or omissions.[22] The reasonably ascertainable rule does not require that Plaintiff have actual knowledge of an injury; it does, however, require a plaintiff to reasonably investigate available sources that contain the facts of the injury and its wrongful causation.[23] Such is an objective standard based upon an examination of the surrounding circumstances; however, it is the objective knowledge of the injury and not the extent of the injury that triggers the limitations period.[24] Absent information that the defendant's negligence was concealed, altered, falsified, inaccurate, or misrepresented, the plaintiff is charged with constructive knowledge of information that is available through a reasonable investigation.[25] In this case, the

---

[19] K.S.A. 60-513(a); *Hallam v. Mercy Health Ctr. of Manhattan*, 278 Kan. 339, 346, 97 P.3d 492 (2004).

[20] K.S.A. 60-513(c).

[21] *P.W.P. v. Johnson Cnty. Mental Health Ctr.*, 266 Kan. 417, 424, 969 P.2d 896 (1998).

[22] *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 903 F. Supp. 1454, 1457 (D. Kan. 1995).

[23] *No. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 630 (10th Cir. 2008); *P.W.P.*, 266 Kan. at 424-25; *Kelley v. Barnett*, 23 Kan. App. 2d 564, 568, 932 P.2d 471 (1997).

[24] *P.W.P.*, 266 Kan. at 425.

[25] *Davidson v. Denning*, 259 Kan. 659, 678, 914 P.2d 936 (1996).

relevant question is when Lindsey knew or should have known that Dr. Bowlin's acts or omissions were the cause of his injury.

By his own admission, Lindsey became aware that he tested positive for Hepatitis C on January 7, 2005, yet did not file his original complaint until March 13, 2007.[26] Accordingly, any claim related to Hepatitis C is time barred.

Any claims with regard to Lindsey's MRSA infection, however, are not time-barred. Lindsey did not learn of his infection with MRSA until March 21, 2005. As such, his complaint was timely. Nonetheless, the claim regarding MRSA still does not survive summary judgment. The results of a culture taken of Lindsey's lesion on December 6, 2004, did not reveal the presence of MRSA, and Dr. Bowlin's treatment of Lindsey ceased in January 2005. Lindsey was not diagnosed with MRSA until March 2005, several months after last being treated by Dr. Bowlin and after leaving Leavenworth. Lindsey has offered no evidence or expert opinion establishing a causal connection between his MRSA and Dr. Bowlin's action or inaction. Accordingly, as detailed above, summary judgment is proper.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgement (Doc. 97) is hereby GRANTED.

**IT IS SO ORDERED**.

Dated this 23rd day of February, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[26] Doc. 1.